UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| BRANDON Q. SHAW, | ) |
| | ) |
| Petitioner, | ) |
| | ) No. 4:06CV00936 CAS/FRB |
| v. | ) |
| | ) |
| TROY STEELE, | ) |
| | ) |
| Respondent.[1] | ) |

**REPORT AND RECOMMENDATION**
**OF UNITED STATES MAGISTRATE JUDGE**

This cause is before the Court on the petition of Missouri state prisoner Brandon Q. Shaw ("petitioner") for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. All pretrial matters were referred to the undersigned United States Magistrate Judge pursuant to 28 U.S.C. § 636(b) for appropriate disposition.

On October 3, 2001, a jury in the Circuit Court for the City of St. Louis convicted petitioner of two counts of first degree assault (Counts I and III), and two counts of armed criminal action (Counts II and IV). (Respondent's Exhibit ("Resp. Exh.") A

---

[1] Petitioner is currently incarcerated in the Potosi Correctional Center in Potosi, Missouri. See (Docket No. 11.) Inasmuch as Don Roper is the Warden of Potosi Correctional Center, he should be substituted for Troy Steele as the proper party respondent. In addition, because petitioner is challenging a sentence to be served in the future, Missouri Attorney General Chris Koster should be added as a proper party respondent. Rule 2(a), (b), Rules Governing Section 2254 Cases in the United States District Courts.

-1-

at 17-18.[2])  On November 30, 2001, the Honorable Thomas C. Grady sentenced petitioner to concurrent terms of imprisonment of fifteen years on Count I, three years on Count II, and three years on Count IV.  (Id.)  Judge Grady also sentenced petitioner to a consecutive five-year term on Count III.  (Id.)  Petitioner is currently confined in the Potosi Correctional Center in Potosi, Missouri.

Petitioner filed neither a direct appeal, nor a motion for post-conviction relief.  On November 19, 2002, petitioner wrote to the trial court, inquiring about his appeal status.  On January 8, 2003, Judge Grady appointed the appellate office of the public defender to review any appeal right petitioner may have, and on March 19, 2003, attorney Gwenda Robinson filed a motion for leave to file a notice of appeal out of time pursuant to Missouri Supreme Court Rule 30.03.  See (Id. at 21, 23); see also www.courts.mo.gov/casenet, docket number ED82677.  On March 21, 2003, the Eastern District of the Missouri Court of Appeals denied petitioner's motion. (Resp. Exh. A at 23.)  Citing Rule 30.03, the Court noted that it was without jurisdiction to grant the relief requested, inasmuch as more than one year had passed since the judgment became final.  (Id.)

On August 1, 2003, petitioner filed a Petition for Writ of Habeas Corpus in the Circuit Court of Mississippi County, Missouri, alleging that trial counsel was ineffective for failing

---

[2]Because respondent filed Exhibit A with no page numbers, the undersigned added them for ease of reference.

to file a notice of appeal. (Id. at 24-35.) On January 8, 2004, a hearing was held before the Honorable T. Lynn Brown in the Circuit Court of Mississippi County, Missouri, during which the court heard testimony from petitioner and from petitioner's trial counsel, Mr. Terence Niehoff. (Id. at 36-80.) Petitioner testified that he believed that Mr. Niehoff had filed a notice of appeal on the day he was convicted. (Resp. Exh. A at 42.) Petitioner testified that, while he was incarcerated, he wrote to Mr. Niehoff expressing concerns about the status of his appeal, but received no response. (Id. at 41, 51-52.) Petitioner denied ever firing Mr. Niehoff. (Id. at 41.)

Mr. Niehoff testified that petitioner was unhappy following his conviction, but became more so following his sentencing because he received more prison time than anticipated. (Id. at 60.) Mr. Niehoff testified that, after petitioner's sentencing, petitioner called his office and told him to have nothing more to do with his case. (Resp. Exh. A at 60, 63.) Mr. Niehoff testified that petitioner was "upset" and "basically chewed [him] out" during the phone call, and that he believed that he had been fired as petitioner's attorney and that petitioner intended to hire a different attorney. (Id. at 64, 61, 69.) Mr. Niehoff testified that, had he not been fired, he would have filed the notice of appeal after sentencing, because it was necessary to include information regarding the sentencing in the notice of appeal. (Id. at 62.) Mr. Niehoff testified that he never filed

the notice of appeal, and never heard from petitioner again following the phone call during which he was fired. (Id. at 70, 76.)

On January 21, 2004, the court denied petitioner's request for relief, crediting Mr. Niehoff's testimony over petitioner's. (Resp. Exh. A at 82.) The court found that, while petitioner's failure to file a post-conviction motion operated as a procedural default, petitioner had shown cause and prejudice to overcome such default, and reviewed the claim on its merits. (Id. at 83.) Citing U.S. Supreme Court precedent, the court held that petitioner's claim was meritless, because a defendant who tells his attorney not to file an appeal is precluded from claiming that, by following his instructions, the attorney performed deficiently. (Id.) (citing Roe v. Flores-Ortega, 528 U.S. 470, 477 (2000)).

On October 6, 2004, petitioner filed a petition for writ of habeas corpus in the Missouri Court of Appeals, Southern Division, which denied the petition the following day. (Resp. Exh. A at 85); see also www.courts.mo.gov/casenet, docket number SD26567.

Finally, on August 31, 2005, petitioner filed a Petition for Writ of Habeas Corpus in the Missouri Supreme Court. (Resp. Exh. A at 2-14); see also www.courts.mo.gov/casenet, docket number SC87077. On November 1, 2005, the Missouri Supreme Court denied the petition. (Resp. Exh. B).

In the instant petition, petitioner alleges a single

ground for relief: that trial counsel was ineffective for failing to file a notice of appeal. (Docket No. 3 at 5.) As both parties agree, the instant petition is untimely. The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), which governs the instant petition, requires a federal habeas petition to be filed within one year after the petitioner's state conviction becomes final. 28 U.S.C. § 2244(d)(1)(A). In Missouri, a judgment becomes final in a criminal case when sentence is entered. State v. Arnold, 230 S.W.3d 353, 354 (Mo. Ct. App. 2007) (citing State v. Williams, 871 S.W.2d 450, 452 (Mo. banc 1994)). For purposes of the federal habeas statute of limitations, the state judgment is considered final when direct review has ended, or when the time for seeking such review has expired. 28 U.S.C. § 2244(d)(1)(A). Under Missouri Supreme Court Rule 30.01(d), the notice of appeal in a criminal case must be filed no later than ten days after the judgment becomes final. See Arnold, 230 S.W.3d at 354.

In this case, therefore, petitioner had ten days from November 30, 2001, the date sentence was imposed, to seek direct review of his convictions and sentences. Because petitioner did not seek direct review, his judgment became final for purposes of the federal habeas statute on December 10, 2001. Petitioner therefore had until December 10, 2002 to file the instant petition, but did not file it until June 12, 2006, nearly four years after

the statute of limitations expired.³

Petitioner asks this Court to apply the doctrine of equitable tolling because extraordinary circumstances made it impossible for him to timely file his petition.⁴ In support, petitioner argues that trial counsel's failure to file a notice of appeal justifies the application of equitable tolling. Petitioner also argues that the trial court clerk's failure to respond to his November 19, 2002 letter inquiring regarding the status of his appeal lulled him into inaction. Respondent contends that petitioner can demonstrate no entitlement to equitable tolling. There are no factual disputes between the parties. For the following reasons, petitioner's arguments are unavailing.

Although the Supreme Court has not conclusively held that equitable tolling is applicable under the AEDPA, it has assumed that it is available when, as here, the parties concede that it is. Lawrence v. Florida, 549 U.S. 327, 335 (2007). The Eighth Circuit has held that equitable tolling is an "exceedingly narrow window of relief," and is appropriate only when "extraordinary circumstances" beyond a prisoner's control make it impossible to file a petition

---

³Applying the prison mailbox rule, Nichols v. Bowersox, 172 F.3d 1068, 1077 (8th Cir. 1999), and giving petitioner the benefit of the doubt, Beery v. Ault, 312 F.3d 948, 950 (8th Cir. 2002), the undersigned determines the instant petition to have been filed on June 12, 2006, the date petitioner signed and mailed the petition.

⁴Petitioner's state habeas petitions cannot serve to toll the federal statute of limitations because none were pending during the limitations period. See Cross-Bey v. Gammon, 322 F.3d 1012, 1014 (8th Cir. 2003); Gray v. Gammon, 283 F.3d 917, 918 (8th Cir. 2002).

on time, or when the respondent's conduct has lulled the prisoner into inaction. Earl v. Fabian, 556 F.3d 717, 722 (8th Cir. 2009); Jihad v. Hvass, 267 F.3d 803, 805-06 (8th Cir. 2001) (citing Kreutzer v. Bowersox, 231 F.3d 460, 463 (8th Cir. 2000)).

The undersigned will first address petitioner's argument that his trial attorney's failure to file an appeal justifies equitable tolling. In his Traverse, petitioner contends that trial counsel failed to file a notice of appeal despite the fact that petitioner had "indicated his desire to appeal his convictions and sentences." (Docket No. 9 at 4.) A habeas petitioner seeking equitable tolling bears the burden of establishing (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance beyond his control stood in his way. Walker v. Norris, 436 F.3d 1026, 1032 (8th Cir. 2006); see also Finch v. Miller, 491 F.3d 424, 427 (8th Cir. 2007) (the doctrine of equitable tolling will not be applied if a habeas petitioner has not diligently pursued his rights); Kreutzer, 231 F.3d at 463 (the extraordinary circumstances justifying equitable tolling must be "beyond a prisoner's control.")

Ineffective assistance of counsel is generally not considered an "extraordinary circumstance" warranting equitable tolling. Martin v. United States, 408 F.3d 1089, 1093 (8th Cir.

2005)[5] (citing Beery, 312 F.3d at 951); see also Rouse v. Lee, 339 F.3d 238, 248-49 (4th Cir. 2003)(noting that a majority of the circuits have held that basic attorney errors such as miscalculation of a filing deadline are generally insufficient to support equitable tolling). While an attorney's deliberate misrepresentations and attempts to mislead a defendant may warrant equitable tolling, an attorney's negligence or mistake generally does not. Martin, 408 F.3d at 1093-95; Beery, 312 F.3d at 951 (ineffective assistance of counsel, when due to an attorney's negligence or mistake, generally does not warrant equitable tolling).

The Eighth Circuit's decision in Martin illustrates the type of attorney misconduct that rises to the level of an extraordinary circumstance warranting equitable tolling. There, the Eighth Circuit applied equitable tolling because the petitioner's counsel "consistently lied" to petitioner and his wife regarding the status of a filing deadline and the status of petitioner's case; refused to communicate with petitioner and his family; refused to file documents; and failed to return petitioner's own paperwork to him despite repeated demands. Martin, 408 F.3d at 1095. The Eighth Circuit concluded that this

---

[5]While Martin addressed the issue of equitable tolling in the context of a § 2255 petition, the undersigned nevertheless finds it instructive, and notes that the Eighth Circuit therein recognized that, for purposes of equitable tolling, sections 2254 and 2255 are interpreted similarly. Martin, 408 F.3d at 1092.

was the sort of "egregious attorney misconduct" that warranted equitable relief. Id.

In contrast, petitioner herein fails to present any evidence of "egregious attorney misconduct" warranting equitable tolling. Petitioner does not allege that counsel ever attempted to deceive him, or that he in any way misrepresented the law or the status of the case. Instead, petitioner vaguely alleges that he "indicated his desire" to appeal, and trial counsel failed to do so. (Docket No. 9 at 5.) While petitioner's allegations may indeed establish that he and counsel had a misunderstanding, or even that counsel was negligent or made a mistake, attorney conduct such as this does not warrant equitable tolling. Beery, 312 F.3d at 951 (ineffective assistance of counsel, when due to an attorney's negligence or mistake, generally does not warrant equitable tolling). Petitioner fails to establish that counsel's inaction rose to the level of egregious attorney misconduct that the Eighth Circuit has recognized as rising to the level of an extraordinary circumstance warranting equitable relief. See Martin, 408 F.3d at 1093.[6] The burden of demonstrating grounds

---

[6]In addition, petitioner makes no effort to demonstrate that counsel's failure to file an appeal was beyond his control, as required in order for an extraordinary circumstance to warrant equitable tolling. Riddle v. Kemna, 523 F.3d 850, 857 (8th Cir. 2008); Maghee v. Ault, 410 F.3d 473, 476 (8th Cir. 2005); Flanders v. Graves, 299 F.3d 974, 977 (8th Cir. 2002); Kreutzer, 231 F.3d at 463. In fact, the record in this case suggests that counsel's failure to act was attributable to petitioner, inasmuch as petitioner apparently fired counsel before counsel had a chance to file a notice of appeal, and petitioner offers no challenge to this evidence in his pleadings before this Court. See (Resp. Exh. A at 60-70; 82.)

-9-

warranting equitable tolling rests with the petitioner. Earl, 556 F.3d at 722 (citing Pace v. DiGuglielmo, 544 U.S. 408, 418, (2005)).

Petitioner also attempts to demonstrate entitlement to equitable tolling by stating that the state court's failure to respond to his November 19, 2002 letter lulled him into inaction. This argument also fails. Equitable tolling is appropriate when a petitioner demonstrates that the state engaged in conduct which lulled the petitioner into inaction "through reliance on that conduct." Riddle, 523 F.3d at 858. In this case, however, petitioner merely states, without further explanation, that he was lulled into inaction when the state court failed to reply to his November 19, 2002 letter inquiring about his appeal. Petitioner makes no attempt to demonstrate how the court's failure to respond to him constituted affirmative conduct upon which he relied and which lulled him into inaction, and the undersigned sees no logical connection between petitioner's inaction and the trial court's failure to respond to his inquiry. In fact, logic seems to dictate that one in petitioner's position would be spurred into action when such an inquiry went unanswered, especially when petitioner knew or should have known that the statutory deadline was quickly approaching. Prisoners are not exempt from the principle that everyone is presumed to know the law, and is subject to the law regardless of whether he is actually aware of the particular law he has violated. Baker v. Norris, 321 F.3d 769, 772 (8th Cir. 2003).

Finally, petitioner cannot demonstrate that he pursued his rights diligently, as required before the doctrine of equitable tolling can be applied. See Finch, 491 F.3d at 427 (equitable tolling will not be applied if a habeas petitioner has not diligently pursued his rights). In his Traverse, petitioner argues that he remained under the "mistaken impression" that his former attorney had filed an appeal on his behalf until "early 2003." (Docket No. 9 at 5.) However, the fact that an appeal had not been filed was a matter of public record that reasonable diligence could have revealed. Furthermore, the record demonstrates that petitioner made only one inquiry regarding his appeal before the expiration of the limitations period and, after receiving no response, did nothing until after the limitations period expired. Nor does petitioner allege that he ever contacted trial counsel to inquire about his appeal, even though he claims that he believed that counsel had filed the appeal on his behalf. The record in this case simply fails to demonstrate that petitioner made reasonable efforts to discover that no appeal had been filed, and petitioner therefore cannot show that he diligently pursued his rights, as required in order for equitable tolling to be applied. See Anjulo-Lopez v. U.S., 541 F.3d 814, 819 (8th Cir. 2008) (equitable tolling not justified on the grounds that petitioner did not discover trial counsel's ineffective assistance by failing to file appeal because petitioner lacked "due diligence" in pursuing appeal by using reasonable efforts to discover that no appeal had

been filed; petitioner waited a year to contact his attorney regarding appeal, and the fact that appeal had not been filed was matter of public record).

The use of equitable remedies to "relieve the strict application of a statute of limitations must be guarded and infrequent, lest circumstances of individualized hardship supplant the rules of clearly drafted statutes." Jihad, 267 F.3d at 806. The undersigned has carefully reviewed petitioner's submissions and has liberally construed the pleadings, and has found nothing to justify tolling the limitations period. Accordingly, because the petition was filed outside the one-year limitations period established by 28 U.S.C. § 2244(d)(1)(A), it should be dismissed.

Therefore, for all of the foregoing reasons,

**IT IS HEREBY RECOMMENDED** that petitioner Brandon Q. Shaw's Petition for Writ of Habeas Corpus be dismissed without further proceedings.

The parties are advised that they have to and including July 27, 2009, to file objections to this Report and Recommendation. See 28 U.S.C. § 636(b)(1). Failure to timely file objections may result in waiver of the right to appeal questions of fact. Thompson v. Nix, 897 F.2d 356, 357 (8th Cir. 1990).

_/s/ Frederick R. Buckles_
Frederick R. Buckles
UNITED STATES MAGISTRATE JUDGE

Dated this 16th day of July, 2009.