UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| BRANDON Q. SHAW, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No. 4:06-CV-936 CAS |
| | ) | |
| DON ROPER and CHRIS KOSTER, | ) | |
| Attorney General for the State of Missouri,[1] | ) | |
| | ) | |
| Respondent. | ) | |

## ORDER

This matter is before the Court on state prisoner Brandon Q. Shaw's action pursuant to 28 U.S.C. § 2254. This case was referred to United States Magistrate Frederick R. Buckles for report and recommendation on all dispositive matters and for final disposition on all non-dispositive matters, pursuant to 28 U.S.C. § 636(b).

On July 16, 2009, Judge Buckles filed a Report and Recommendation of United States Magistrate Judge which recommended that Shaw's petition for writ of habeas corpus be denied as untimely. Petitioner filed objections[2] to the Report and Recommendation, asserting that the statute of limitations for filing a § 2254 petition should be equitably tolled in this case because (1) "[g]iven

---

[1] Don Roper, warden of Potosi Correctional Center where petitioner is currently incarcerated, shall be substituted for Troy Steele as a respondent. See Rule 2 of the Rules Governing Section 2254 Cases in the United States District Courts. Furthermore, because petitioner is challenging a sentence to be served in the future, Missouri Attorney General Chris Koster shall be added as a party respondent. Id.

[2] Petitioner had until July 27, 2009, to file his objections. Petitioner mistakenly filed his objections with the Eighth Circuit Court of Appeals, which forwarded the filing to this Court. Petitioner's objections were filed and docketed on July 29, 2009. The Court will consider petitioner's objections, although they were not properly filed in a timely manner.

respect to the equitable tolling under Missouri Supreme Court Rule 30.03[,] petitioner's judgment became final for purposes of a 'Motion for Special Leave to File a Notice of Appeal Out of Time' [on] 12-10-2002"; and (2) his failure to file a notice of appeal out of time resulted from the trial judge's delayed response to his letter. The Court has carefully reviewed petitioner's objections and the entire record of this matter. Following de novo review, the Court concurs in the recommendation of the Magistrate Judge. In this case, Missouri Supreme Court Rule 30.03 does not impact the date on which petitioner's judgment became final for purposes of calculating the deadline for filing a federal habeas petition. The Court further finds that the Magistrate Judge properly concluded that the short delay by the trial court in responding to petitioner's letter does not entitle petitioner to equitable tolling. Petitioner's objections are overruled.

Accordingly,

**IT IS HEREBY ORDERED** that the Report and Recommendation of United States Magistrate Judge is **sustained**, **adopted** and **incorporated** herein. [Doc. 12]

**IT IS FURTHER ORDERED** that petitioner's motion for issuance of subpoenas is **DENIED.** [Doc. 13].

**IT IS FURTHER ORDERED** that Brandon Q. Shaw's Petition for Writ of Habeas Corpus pursuant to Title 28 U.S.C. § 2254 is **DENIED**. [Doc. 3]

**IT IS FURTHER ORDERED** that this matter is **DISMISSED**, with no further action to take place herein.

An appropriate Order of Dismissal will accompany this order.

_____
**CHARLES A. SHAW
UNITED STATES DISTRICT JUDGE**

Dated this 21st day of August, 2009.